UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALE STRAWN,<br><br>              Plaintiff,<br><br>   v.<br><br>HAL NEDERLAND N.V., a Curacao corporation; HOLLAND AMERICA LINE N.V., a Curacao Corporation; HOLLAND AMERICA LINE, INC., a Washington corporation; HOLLAND AMERICA LINE-USA, INC., a Delaware corporation; STEINER MANAGEMENT SERVICES, LLC a Florida Limited Liability Company; STEINER TRANSOCEAN, LTD., a Bahama Corporation; STEINER TRANSOCEAN, U.S., INC., a Florida Company; and UNKNOWN DEFENDANTS 1- 4.<br><br>              Defendants. | AT LAW AND IN ADMIRALTY<br><br>No.<br><br>COMPLAINT FOR PERSONAL INJURY<br><br>**JURY TRIAL DEMANDED** |

COMES NOW Plaintiff Dale Strawn by and through his attorneys of record, Harris & Moure pllc, to aver and state as follows:

## I.    JURISDICTION

1. This is a claim for personal injuries sustained aboard the cruise vessel, M/S RYNDAM (the "Vessel"), on navigable waters, against the owners, charterers, and operators of the Vessel. This court has jurisdiction under 28 U.S.C. § § 1332 and 1333, and under the contract(s) of

COMPLAINT FOR PERSONAL INJURY - 1

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

carriage under which the claims are brought. Jurisdiction also is based on diversity of citizenship. The amount in controversy exceeds $75,000. The claims are also filed under Rule 9(h) of the Federal Rules of Civil Procedure. This Court also has personal jurisdiction over the Steiner defendants under the minimum contacts test of *International Shoe Co. v. Washington,* 326 U.S. 310 (1945), because the Steiner defendants have, and still have, sufficient dealings with this district to make it reasonable to require it to defend against a lawsuit here. The Steiner defendants' activities in this district have been and continue to be continuous and systematic, and the claims set forth in this complaint are related to those activities, and the Steiner defendants presumably sell their services into Washington to Washington residents.

## II.   VENUE

2. Venue is based upon 28 U.S.C. § 1391 in that defendants Holland America have their principal place of business in Seattle, Washington. Venue also lies in this Court pursuant to the terms of the passenger contract. Venue also lies in this Court in that the Steiner defendants have, and still have, sufficient dealings with this district to make it reasonable to require them to defend against a lawsuit here.

## III.   PARTIES

3. At all times relevant and material to this complaint, Plaintiff Dale Strawn was and is a citizen of South Carolina.

4. Defendant Holland America Line, Inc., was the agent of Holland America Line N.V., and Hal Nederland N.V., that booked the cruise purchased by Plaintiff. At all times relevant and material to this complaint, defendant Holland America Line, Inc., was and is a Washington corporation, with its principal place of business in Seattle, Washington.

COMPLAINT FOR PERSONAL INJURY - 2

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

5. At all times relevant and material to this complaint, defendant Holland America Line N.V., was the charterer and operator of the Vessel. Holland America Line N.V., is a corporation, or other business entity, incorporated and/or operating under the laws of Curacao.

6. At all times relevant and material to this complaint, defendant HAL Nederland N.V., was the owner of the Vessel. HAL Nederland N.V., is a corporation, or other business entity, incorporated and/or operating under the laws of Curacao.

7. Upon information and belief, at all times relevant and material to this complaint, Steiner Management Services, LLC, Steiner Transocean, LTD, and/or Steiner Transocean, U.S., Inc., (the "Steiner defendants") were the operators, managers, and/or overseers of the spa activities on the Vessel, including the sauna in question.

8. At all times material, the Unknown Defendants were agents, employees, joint ventures, contractors, and or partners with the other defendants in the joint performance, operation and/or control of the spa area where the sauna in question was located on the Vessel.

9. At all times relevant and material to this complaint, each of the defendants were agents, employees, and/or representatives of each other and acted within the course and scope of their employment and/or agency and/or acted for a common purpose or as part of a joint venture.

10. At all times relevant and material to this complaint, defendants acted through their agents, employees, and/or representatives, who in turn acted within the scope of their employment and/or agency.

11. At all times relevant and material to this complaint, defendants, jointly and/or severally owned, operated, leased, managed, and/or exercised right of control over the Vessel.

COMPLAINT FOR PERSONAL INJURY - 3

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

12. At all times relevant and material to this complaint, one or more of the defendants were bound by contract(s) or agreement(s) with each other and/or with other parties, requiring defendants, either on their own behalf and/or on behalf of some or all of the other defendants, to repair, maintain, inspect, and otherwise control the Vessel, including its saunas, so that it would be safe for use by passengers and invitees.

## IV.   FACTUAL BACKGROUND

13. On or about February 16, 2015, Mr. Strawn, a fare-paying passenger of the Vessel, was on the Vessel when he entered a sauna. Mr. Strawn passed out in the sauna and suffered serious injuries. Mr. Strawn was airlifted to a hospital in Miami based upon the belief that his life was in danger and that he had suffered brain damage. Mr. Strawn spent approximately ninety-five (95) days in an intensive care burn unit, and about four months total in hospital, all as a result of his serious injuries.

14. At all times material and relevant to this complaint, the area in which Plaintiff was injured on defendants' Vessel was under the exclusive control of one or more of the defendants.

## V.   CAUSE OF ACTION
## NEGLIGENCE

15. Plaintiff realleges each allegation set forth in paragraphs 1 through 14 above as though fully set forth herein.

16. Defendants owed a duty to warn Plaintiff and the other passengers and invitees on the Vessel of the hazards posed aboard the Vessel.

17. Defendants knew and/or should have known that their failure to warn passengers and invitees on the Vessel of the hazards could lead to injuries to those passengers and invitees.

COMPLAINT FOR PERSONAL INJURY - 4

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

18. Defendants owed a duty to maintain, inspect, operate, and otherwise control the Vessel, and its saunas, and to provide a hazard-free environment on board the Vessel, so that it would be safe for use by its passengers and invitees, including Plaintiff.

19. Defendants knew or should have known of the dangerous conditions of the sauna, and that a dangerous condition would cause injuries to passengers and invitees in the Vessel's sauna, absent adequate safety measures.

20. The circumstances under which Dale Strawn was injured were such that Mr. Strawn could not have incurred those injuries except by defendants' negligence.

21. Defendants' negligence consisted of, among other things, the following:

(a) Allowing a dangerous condition to exist in the sauna that defendants knew or should have known created a dangerous hazard to passengers and invitees;

(b) Failing to operate the Vessel in a safe and responsible manner;

(c) Failing to warn passengers of the dangerous, hazardous, and unsafe conditions on the Vessel;

(d) Failing to take responsible precautions against dangerous, hazardous, and unsafe conditions of the Vessel's sauna;

(e) Failing to maintain and/or design the Vessel's sauna;

(f) Failing to make reasonable efforts to ensure that passengers, such as the Plaintiff, would not sustain injury while in the Vessel's sauna;

(g) Failing to have in place an adequate and safe timing mechanism to ensure that passengers, such as Plaintiff, would not sustain injury while using the sauna on the Vessel;

(h) Failing to adequately monitor the sauna;

COMPLAINT FOR PERSONAL INJURY - 5

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

(i) Failing to warn or adequately warn passengers, including the Plaintiff, to be careful using the sauna on the Vessel;

(j) Failing to properly and adequately hire and/or instruct agents and/or employees as to safe and proper operation, maintenance, inspection, and correction and repair of dangerous conditions on the Vessel, including the dangerous condition or conditions that caused Plaintiff's injuries;

(k) Operating an instrumentality with known design and/or operational flaws, in disregard of the safety of passengers and invitees;

(l) Failing to provide adequate medical treatment on the Vessel;

(m) Such other negligent acts and/or failures to act as may be revealed during the course of this action.

22. Defendants' negligent actions and failures to act directly and proximately caused Mr. Strawn's bodily injury and severe mental and physical pain.

23. Defendants had a duty to protect Mr. Strawn from dangers unique in maritime travel.

24. Defendants breached their duties by acting negligently and by negligently failing to act.

25. Defendants' breaches of their duties to Mr. Strawn directly and proximately caused Mr. Strawn's physical and emotional injuries.

26. As a direct and proximate result of defendants' negligence, Mr. Strawn required medical attention and care for his injuries.

27. As a direct and proximate result of defendants' negligence, Mr. Strawn incurred expenses for medical care, for which defendants are liable.

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

28. As a direct and proximate result of defendants' negligence, Mr. Strawn will require additional medical care and additional expenses, for which defendants are liable.

29. As a direct and proximate result of defendants' negligence, Mr. Strawn has incurred and will continue to incur expenses and losses, for which defendants are liable.

30. As a direct and proximate result of defendants' negligence, Mr. Strawn has suffered and will continue to suffer physical pain, aches, mental anguish, inconveniences, and loss of life's pleasures, for which defendants are liable.

### VI. PRAYER FOR RELIEF

WHEREFORE Plaintiff prays that this court enter judgment in his favor, against defendants, jointly and severally, as follows:

(a) For general, special, incidental, and consequential damages incurred and to be incurred as the direct and proximate result of the acts and omissions of the defendants and or their agents, employees, and all other persons or entities which may be vicariously liable, in an amount to be proven at trial;

(b) For medical costs and expenses, past and future, in an amount to be proven at trial;

(c) For costs and disbursements already incurred;

(d) For punitive damages, as may be permitted by applicable law, because defendants have had multiple injuries due to failure to properly monitor its saunas and, upon information and belief, have done nothing to addresses this issue including having failed to install a timer in its saunas;

(e) For prejudgment interest and attorneys' fees, to the extent permitted by law or equity;

(f) For other such relief as the Court deems just and equitable.

COMPLAINT FOR PERSONAL INJURY - 7

Harris & Moure
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659

### VII.  JURY DEMAND

Plaintiff Dale Strawn demands a trial by jury on all issues herein triable to a jury.

DATED this 12th of February, 2016.

HARRIS & MOURE, pllc

By _____
Charles P. Moure, WSBA#23701
Hilary Bricken, WSBA #43000
Attorneys for Plaintiff, Dale Strawn

COMPLAINT FOR PERSONAL INJURY - 8

**Harris & Moure**
*A Professional Limited Liability Company*
600 Stewart, Suite 1200
Seattle, WA 98101
Phone: (206) 224-5657
Fax: (206) 224-5659